United States District Court
Southern District of Texas
**ENTERED**
July 14, 2017
David J. Bradley, Clerk

wUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIA NELSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-00313 |
| | § | |
| ATT MOBILITY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

This is an employment discrimination case. Defendant ATT Mobility ("AT&T") has filed a Motion to Dismiss the Complaint of Plaintiff Tia Nelson with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or, in the alternative, to dismiss without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. After considering the motion, oral arguments made at prior hearings, and the applicable law, the Court finds that it must grant AT&T's motion to dismiss without prejudice.

**I.   BACKGROUND**

Prior to initiating this lawsuit, Ms. Nelson worked at AT&T. On February 5, 2016, Ms. Nelson filed a complaint against AT&T for wrongful termination and discrimination. (Doc. No. 1.) In May 2016, AT&T filed its first motion to dismiss the complaint for insufficient services of process, pursuant to Fed. R. Civ. P 12(b)(5). (Doc. No. 7.) After examining that motion, the Court allowed Ms. Nelson additional time to perfect service. In October 2016, when Ms. Nelson had yet to do so, AT&T again moved to dismiss the complaint. (Doc. No. 9.) The Court considered AT&T's second motion to dismiss at a hearing on April 25, 2017 and ordered Ms. Nelson to properly serve AT&T within thirty (30) days. She did not. AT&T now seeks to

dismiss Ms. Nelson's complaint for failure to prosecute her claims. (Doc. No. 14.) Ms. Nelson did not respond to AT&T's third motion to dismiss.

## II. LEGAL STANDARDS

### A. Failure to Prosecute

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). *See also* Fed. R. Civ. P. 12(b)(5). The courts' authority to dismiss is "based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'" *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The court affirms "dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (internal citations omitted). The delay "must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988) (quoting *John v. Louisiana,* 828 F.2d 1129, 1131 (5th Cir.1987)).

### B. Improper Service

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

### III. ANALYSIS

The Court has provided ample opportunity to Ms. Nelson to perfect service on AT&T, and she has consistently failed to do so. Most recently, Ms. Nelson informed the Court that she was unable to find an attorney and pursue her case because of health problems. She added that, as of March 6, 2017, she had recovered was prepared "to take matters into her own hands," even if she could not obtain counsel. (Doc. No. 10.) On April 25, 2017, the Court granted a final extension to Ms. Nelson to serve her complaint. She has taken no action since that hearing.

The Court is loath to dismiss a complaint with prejudice in a case concerning a *pro se* plaintiff, who may have claims worthy of litigation on the merits. On the one hand, the Court finds that the absence of activity since early 2016 constitutes clear delay, and lesser sanctions have proved futile in motivating Ms. Nelson to prosecute her claims. *See Berry,* 975 F.2d at 1191. On the other hand, the Fifth Circuit typically requires at least one of the following aggravating factors when affirming a district court's dismissal with prejudice: "'(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). The only factor present in this case is that Ms. Nelson, not an attorney, has caused the delay. While her delay would permit the Court to dismiss with prejudice, the Court is not compelled to implement this harsh remedy.

Instead, the Court dismisses Ms. Nelson's complaint without prejudice. To avoid dismissal, Ms. Nelson must show good cause for her delay. The Fifth Circuit has held that good cause requires "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified.'" *Winters*

*v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (quoting 10 Wright & Miller *Federal Practice and Procedure: Civil* § 1165 at 622). Ms. Nelson failed to serve her complaint within the 90-day period after it was filed. She then failed to serve the complaint within the extended time periods ordered by the Court. As she did not present any excuse for delay, she has not provided the required reasonable basis for noncompliance. Thus, the Court "must dismiss the action without prejudice." Fed. R. Civ. P. 4(m).

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** AT&T's motion (Doc. No. 14). This action is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 13th day of July, 2017.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE